IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY MAYO,

    PLAINTIFF,

v.                                                      CASE NO.:

KRA HOLDINGS OF FLORIDA, LLC,
d/b/a KELLY PLANTATION
GOLF CLUB,

    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Timothy Mayo, (hereinafter referred to as the "Plaintiff" or "Mayo"), by and through the undersigned counsel, sues the Defendant, KRA Holdings of Florida, LLC d/b/a Kelly Plantation Golf Club, (hereinafter referred to as the "Defendant" or "KRA"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for discrimination and interference in violation of his federally protected rights under the Family Medical Leave Act, 29 U.S.C.S. §§ 2601; 2611-2654; and Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203.

### JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant

1

to 29 U.S.C. § 2617(a)(2) and 42 U.S.C. §§ 12111-12117, 12203.

3. Defendant is considered an employer within the terms and conditions of the 29 USC §§ 2611 et seq. ("FMLA"), as Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than fifty (50) employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto within a seventy-five (75) mile radius of Plaintiff's Pensacola, Florida worksite.

4. Plaintiff worked for Defendant from April 2018 until February 13, 2021. Plaintiff is considered an "eligible employee" for purposes of the FMLA as he has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

5. The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

6. This action lies in the Northern District of Florida, Pensacola Division, because the action arose in this judicial district.

7. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On June 11, 2021, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.:

202129875) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D-2021-00637). On December 3, 2021, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his ninety (90) day Notice of Right to Sue letter from the EEOC, which was received on May 5, 2022.

## PARTIES

8. Plaintiff, Timothy Mayo, is a citizen of the State of Florida who resides in Destin, Florida.

9. Defendant, KRA Holdings of Florida, LLC d/b/a/ Kelly Plantation Golf Club, is a private for profit business that is licensed to do and does business in Destin, Florida.

## FACTS

10. Plaintiff is a 38 year old Caucasian male.

11. Plaintiff was employed by Defendant as a Turfcare engineer from 2018, until February 13, 2021.

12. During Plaintiff's employment with Defendant, he performed the duties and responsibilities of his position in satisfactory manner and was not the subject of any disciplinary issues.

13. Plaintiff suffers from degenerative hip disease which substantially limits his mobility.

14. Defendant has known about Plaintiff's hip disorder for some time.

15. In December 2020, Plaintiff was informed by his doctor that he needed to have hip replacement surgery.

16. Plaintiff informed his supervisor about the need for the hip replacement.

17. Plaintiff would on occasion miss work because of his hip or doctors' appointments and his supervisor made it clear that he was not very happy about Plaintiff missing work, so Plaintiff under threat of disciplinary action, including termination, delayed having the surgery.

18. Plaintiff also suffered from panic attacks, something that his supervisor also knew about and harassed him about.

19. Plaintiff's supervisor once texted him, "I lived with a sociopath. I know what panic attacks are. Don't expect respect from me, you've lost mine." He then texted "stop making people feel sorry for you...it's pathetic."

20. Knowing that Plaintiff's hip was getting worse, his supervisor would assign him daily tasks that involved a significant amount of walking as opposed to riding on equipment, which he assigned to other non-disabled employees.

21. Plaintiff's hip became progressively worse to the point that he could not put off the surgery any longer.

22. Plaintiff scheduled the surgery for March 13, 2021.

23. After Plaintiff informed his supervisor that he had scheduled the hip replacement surgery, and requested time off, his supervisor began to send Plaintiff harassing and hateful text messages.

24. At no point during Plaintiff's employment did Defendant discuss with him an accommodation related to his hip or panic attacks, nor did Defendant provide him with any FMLA paperwork.

25. On February 13, 2021, Plaintiff was informed that he was being terminated, no reason was given for the termination.

## FIRST CAUSE OF ACTION
*DISABILITY DISCRIMINATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 2 and 6 through 25 of this complaint with the same force and effect as if set forth herein.

27. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

28. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities

Act, (ADA), as the Defendant employed more than 15 employees.

29. As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

30. Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability.

31. Plaintiff suffers from degenerative hip disease and panic attacks.

32. Plaintiff's degenerative hip disease and panic attacks significantly limited his ability to lead a normal life, and sustain a sense of well-being.

33. Plaintiff's degenerative hip disease and panic attacks are impairments and disabilities within the meaning of the ADA as they substantially limit Plaintiff's ability to perform major life activities as compared to most people in the general population.

34. Plaintiff's degenerative hip disease and panic attacks substantially limited his ability to perform the major life function of mobility, concentration, bending, lifting, walking and working.

35. Upon learning of Plaintiff's degenerative hip disease and panic attacks, Defendant was under an obligation to engage in a good faith interactive process with Plaintiff regarding any needed accommodation.

36. Defendant failed to engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's degenerative

hip disease and panic attacks nor did Defendant "explore potential accommodations" to overcome those limitations.

37. Defendant's termination and disqualification of Plaintiff's employment on February 13, 2021, on the basis of his disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by Defendant, violated the ADA.

38. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

39. The adverse personnel action, the termination of Plaintiff's employment, clearly violated his statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act, (ADA).

40. As a result of the Defendant's violations of the ADA, Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

## SECOND CAUSE OF ACTION
### *DISABILITY RETALIATION*
### *AMERICANS WITH DISABILITIES ACT, (ADA)*

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 2 and 6 through 25 of this complaint with the same force and effect as if set forth herein.

42. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

43. Defendant terminated and disqualified Plaintiff from his employment in retaliation for questioning and objecting to Defendant's failure to discuss his accommodation requests and for requesting an accommodation.

44. Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

45. When Plaintiff provided Defendant with sufficient information regarding his degenerative hip disease and panic attacks and requested a reasonable good faith accommodation, Plaintiff's requests became and were considered a statutorily protected activity under the ADA.

46. Plaintiff questioned and objected to Defendant's failure to reasonably discuss his accommodation requests.

47. Defendant's February 13, 2021, termination and disqualification of

Plaintiff's employment was in retaliation for his seeking a good faith accommodation, his objecting to Defendant's discriminatory practices regarding his disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

48. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination is entirely *pretextual* for Defendant's retaliation against him for engaging in the statutory protective activity of requesting a reasonable accommodation.

## THIRD CAUSE OF ACTION
(FMLA INTERFERENCE)

49. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 3 through 5 and 6 through 25 of this complaint with the same force and effect as if set forth herein.

50. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. 29 U.S.C. § 2615(a)(1).

51. Plaintiff was an employee entitled to a benefit under the FMLA and Defendant denied him that benefit.

52. At the time of Plaintiff's termination, Defendant had more than sufficient knowledge that Plaintiff entitled to FMLA leave.

53. Defendant had more than sufficient knowledge that his degenerative hip disease and panic attacks were a serious health condition and an FMLA-qualifying medical condition.

54. Defendant knew of Plaintiff's qualifying medical condition and refused to discuss any type of FMLA leave.

55. Defendant should have notified Plaintiff of his eligibility to take FMLA leave for degenerative hip disease and panic attacks within five business days.

56. The FMLA required Defendant to give Plaintiff written notice detailing his specific expectations and obligations related to the FMLA and explaining any consequences of his failure to meet these obligations.

57. Defendant never provided Plaintiff with any type of written notice regarding his FMLA rights related to his degenerative hip disease and panic attacks, thus interfering with and denying his substantive rights under the FMLA.

58. Defendant terminated Plaintiff for poor attendance and absences which were related to his FMLA qualifying degenerative hip disease and panic attacks.

59. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

60. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of the FMLA and ADA;

b) Enjoining and permanently restraining those violations of the FMLA and ADA;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to the ADA and/or FMLA;

e) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and

other compensation, plus interest thereon at the statutory rate, pursuant to the FMLA and ADA;

  f) Awarding compensatory damages in the amount of the above-requested award, pursuant to the ADA;

  g) Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADA and FMLA;

  h) Awarding liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii);

  i) Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADA, FMLA and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

  j) Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: July 27, 2022.  By: */s/ Clayton M. Connors*
           CLAYTON M. CONNORS
           Florida Bar No.: 0095553
           Email: cmc@westconlaw.com
           **THE LAW OFFICES OF**
           **CLAYTON M. CONNORS, PLLC.**
           4400 Bayou Blvd., Suite 32A
           Pensacola, Florida 32503

              Tel:  (850) 473-0401
              Fax: (850) 473-1388
              *Attorney for Plaintiff*